IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

LAVONDA BROWN,

        Plaintiff,

vs.                               Case No. 04-2608-JTM-DJW

TOTAL INTERIORS, INC.,

        Defendant.

## AGREED PROTECTIVE ORDER

Upon the agreement of the parties and for good cause shown, the Court grants the parties' Joint Motion for Protective Order (doc. 16) and finds as follows:

1. Discovery propounded by plaintiff and defendant may require the disclosure of confidential, personal, private and/or propriety information pertaining to the disclosing party(ies) that the disclosing party contends and/or may contend is privileged, confidential, private and/or not relevant to any issue in this civil action.

2. In addition, discovery may require the disclosure of confidential, personal, private and/or proprietary information pertaining to current or former employees of defendant which ordinarily would be kept confidential and not disclosed by defendant to its other associates.

3. The parties wish to facilitate discovery in this civil action by agreeing to restrict use of certain information to discovery, proceedings before this Court, preparation for trial and trial, of this civil action.

4. The parties further wish to restrict disclosure of certain documents as related to current and former associates of defendant in order to ensure the protection of defendant's associates' privacy, but understand that disclosure of certain such information between counsel and parties may be necessary to the case development process.

    a. Defendant does not seek protection of the names of its employees, dates of their employment, nor their job titles. Defendant, however, does treat as confidential information provided to it by employees in employment applications, information maintained in confidential

personnel files, and information concerning employees' compensation – to the extent the information is not generally applicable to all employees.  Likewise, information reflected outside of employees' personnel files but concerning discipline, employee concerns, investigations, injuries, absences and reasons for termination are treated as confidential.  Public disclosure of confidential disciplinary actions, employee concerns, investigations, reasons for termination, medical records and compensation records – as well as other confidential information contained in personnel files – may cause embarrassment and/or financial or competitive harm to an individual who is the subject of such information.

          b.       This Court "recognizes that personnel files and records are confidential in nature and that, in most circumstances, they should be protected from wide dissemination." *Williams v. Board of County Comm'rs of the Unif'd Government of Wyandotte County, Kansas City, Kansas*, No. 9802485-JTM, 2000 WL 133433, *1 (D. Kan. Jan. 21, 2000) (citing *Dahdal v. Thorn Americas, Inc.*, No. 97-2119-GTV, 1997 599614, *1 (D. Kan. Sept. 15, 1997)).  Where individuals are not party to the action and are not charged with wrongdoing, the Court should make reasonable efforts to guard against disclosure that has the potential to invade their privacy and impair their personal reputations.  *Kelly v. City of New York*, No. 01 Civ. 8906 (AGSDF), 2003 WL 548400, *1 (S.D.N.Y. 2003) (granting motion for protective order as it applied to non-party employees).

5.       The parties agree that this Agreed Protective Order shall govern all proceedings in this action.  The parties agree to address the need for a protective order again in the event the parties find the terms and procedures of this Agreed Protective Order are unduly burdensome to the facilitation of attorney-client communications and the case development process.

6.       To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, provide adequate protection for material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, for good cause shown, it is hereby **ORDERED**

a. "Confidential Material" as used herein means any document, deposition transcript (or portion thereof), or interrogatory response which contains or refers to information related to plaintiff – or to any current or former employees of defendant – regarding employment history, compensation or other financial information, discipline, complaints, medical issues, investigations, injuries, absences and reasons for termination. Public disclosure of this private and confidential information may cause embarrassment, undue burden and/or financial or competitive harm to an individual who is the subject of such information.

b. A party wishing to designate any document, deposition transcript (or a portion thereof), or interrogatory response as Confidential Material shall do so by affixing a label or stamp to such document proclaiming the item to be Confidential or by providing the other party written notice that identifies each document or transcript, by its number label or other identifying marks, that the producing party deems Confidential Material. The designation of a document as Confidential Material shall be done at the time of production. The designation of a deposition (or a portion thereof) shall be done either at the time of the taking of the deposition or within five (5) days thereof. In regard to documents that have been produced or depositions taken prior to the entry of the Agreed Protective Order, the parties shall designate any documents or deposition transcript (or a portion thereof) as Confidential Material within fourteen (14) days from the entry of this order.

c. All Confidential Material produced by a party during discovery in this case shall be used solely for the purpose of this litigation and shall not be used in or for the preparation of any other lawsuit or proceeding or for any other purpose whatsoever.

d. A party shall not be obligated to challenge the propriety of a designation of material as "confidential" at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation of documents, interrogatory responses, or deposition testimony as "confidential," and the parties are unable to resolve such dispute in good

3

faith on an informal basis, the aggrieved party may request appropriate relief from the Court and the party seeking to prevent disclosure shall have the burden of proof that there is good cause for the material to have such protection. The information shall remain as designated pending disposition of any such motion.

      e.    Until an order by the Court that information designated as "confidential" is not, in fact, confidential, such information may be disclosed only to the following persons:

          i.    Counsel to parties in this litigation, and the paralegal, secretarial, and clerical employees working under the direct supervision of each counsel;

          ii.    Persons who are expressly retained by counsel to assist in the preparation of this litigation for trial, such as independent accountants, investigators, statisticians, economists or other persons and the staff working under the direct supervision of such persons retained to assist in the preparation of this litigation for trial, provided that such persons agree to be bound by its terms;

          iii.    The parties;

          iv.    Any potential witness, concerning a matter to which the document refers and any counsel for such potential witness; and

          v.    The Court.

      f.    Before disclosing any Confidential Material to those persons specified in paragraph 6, subsection (e) hereof (with the exception of the Court), counsel shall first give a copy of this Protective Order to such persons who shall read this Protective Order and be fully familiar with the provisions hereof and agree to abide thereby.

      g.    Prior to the time of trial or at such earlier time as it becomes necessary for the parties to rely upon Confidential Material in connection with a motion or hearing, the parties shall attempt in good faith to remove the designation of "confidential" with respect to deposition

transcripts and exhibits thereto to the greatest extent possible.

   h. Within thirty (30) days after the conclusion of this litigation, all originals and copies of any Confidential Material produced by a party shall be returned to the producing party if the producing party so requests. The provisions of this stipulation and order regarding confidentiality shall continue in effect notwithstanding termination of the litigation.

   i. Nothing in this Protective Order shall operate to waive the right of any party to this lawsuit to assert objections to the production or admissibility of the Confidential Material.

   j. This Protective Order may only be modified by order of the Court.

   k. Nothing in this protective order shall preclude any party from seeking any additional protection with respect to the confidentiality of documents or information.

IT IS THEREFORE ORDERED that the parties' Joint Motion for Protective Order (Doc. #16) is granted.

IT IS SO ORDERED.

Dated this 19th day of November, 2005.

            s/ David J. Waxse
            David J. Waxse
            U.S. Magistrate Judge

SUBMITTED BY:

SHOOK, HARDY & BACON L.L.P.

By: /s/ Kristen A. Page
  William C. Martucci, KS Bar #70145
  Kristen A. Page, KS Bar #20605

2555 Grand Blvd.
Kansas City, Missouri 64108-2613
Telephone: 816.474.6550
Facsimile: 816.421.5547

ATTORNEYS FOR DEFENDANT
TOTAL INTERIORS, INC.


SANDHAUS & MANDELBAUM

By: /s/ Ronald S. Sandhaus
  Ronald E. Sandhaus

4601 College Blvd., Suite 170
Leawood, KS 66211
Telephone: 913.906.0010
Facsimile: 913.491.6353

ATTORNEYS FOR PLAINTIFF